DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William J. Gibson, II ("Gibson") appeals from the decision of the Summit County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of appellee, Richard Ashley ("Ashley"), and the Civ.R. 12(C) motion for judgment on the pleadings of appellees, Winer 
Bevilacqua, Inc. and Frank Bevilacqua ("Bevilacqua"). We reverse in part.
On November 23, 1999, Gibson filed a complaint in his capacity as a minority shareholder of City Yellow Cab Company, Inc. ("City Yellow"). Named in the complaint were the other five shareholders of City Yellow; Ashley, the corporate attorney; and Bevilacqua, the corporate accountants. On February 8, 2000, Ashley filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting that Gibson failed to state a claim upon which relief could be granted. On February 17, 2000, Bevilacqua filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Gibson opposed both motions. On March 2, 2000, Gibson filed an amended complaint ("complaint"), after which time Ashley and Bevilacqua orally renewed their respective motions. On May 11, 2000, the trial court granted the motions and dismissed Gibson's claims against Ashley and Bevilacqua. The trial court noted that it assumed that all the allegations in the complaint were true and it concluded that Gibson could prove no facts entitling him to recovery. Thereafter, Gibson settled his claims against the other shareholders of City Yellow and dismissed any remaining claims. Gibson timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law in dismissing [appellant's] amended complaint against [appellees] where [appellant] had established a prima facie case against [appellees] sufficient to overcome a motion to dismiss and a motion for judgment on the pleadings.
 In his sole assignment of error, Gibson contends that the trial court erred in granting Ashley's motion to dismiss and Bevilacqua's motion for judgment on the pleadings. Specifically, Gibson argues in his brief that he set forth sufficient facts to state claims against appellees for which relief can be granted as to the counts of civil conspiracy, tortious interference with contract, and his request for an accounting.[1] We agree in part.
A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. The trial court's inquiry is restricted to the material allegations in the pleadings. Id. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. Id. A reviewing court will reverse judgment on the pleadings if the plaintiff can prove any set of facts which will entitle it to relief. Id. Evidence in any form cannot be considered. Conantv. Johnson (1964), 1 Ohio App.2d 133, 135. Here, the trial court had before it Gibson's complaint with City Yellow's Articles of Incorporation and Code of Regulations attached thereto as Exhibits A and B, respectively.
Additionally, we note that the concept of "notice pleading" employed by the Ohio Rules of Civil Procedure does not usually require any great degree of specificity; only that notice be given as to the nature of the action. See Gall v. Dye (Sept. 8, 1999), Lorain App. No 9800CA7183, unreported, at 8. Except for certain special matters set forth in Civ.R. 9, parties need only set out a short and plain statement showing that they are entitled to relief. Civ.R. 8(A).
 A. Tortious Interference with Contract
Gibson argues that the trial court erred in dismissing his claim of tortious interference with contract against Ashley and Bevilacqua. We disagree.
"The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." FredSiegel Co., L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, paragraph one of the syllabus. "In the event a complaint fails to provide allegations regarding each of these elements, the complaint can properly be dismissed for failure to state a claim upon which relief can be granted." Schiavoni v. Steel City Corp. (1999), 133 Ohio App.3d 314,317.
Gibson's complaint claims, in relevant part, that a City Yellow shareholder's meeting occurred on March 2, 1999, at Bevilacqua's office. Gibson alleges that upon solicitation for nominations for the Board of Directors, he nominated himself. The other shareholders objected and indicated that the board was limited to three members, while Gibson argued the board was comprised of four members. Gibson claims that "Ashley (who was then in attendance at the meeting as attorney for the corporation) unilaterally and without motion suspended the stockholders meeting" and left to obtain corporate records from his office next door. Gibson's complaint further alleges that upon Ashley's return, Ashley confirmed that the number was four, but advised the majority shareholders that "they could keep [Gibson] off the Board" by moving to amend the corporate articles and by-laws, which they proceeded to do. Finally, Gibson's complaint contends that Ashley and Bevilacqua, among others, "acted in conspiracy to injure [Gibson] by tortiously interfering with his contact [sic.] rights as a shareholders in [City Yellow], and under the Articles of Incorporation and Code of Regulations of [City Yellow]."
The Code of Regulations for City Yellow, attached to the complaint as Exhibit B, states in relevant part:
 ARTICLE III — BOARD OF DIRECTORS Section 1. Number of Directors: * * * The number of directors may be fixed or changed by resolution at any annual meeting or at any special meeting called for that purpose, by the affirmative vote of the holders of a majority of the shares present in person or by proxy, entitling them to vote on such proposal[.] * * *
 The trial court found that Gibson's allegation did not state a cause of action because the complaint did not "delineate what contract was allegedly interfered with or how." We agree with the result, but for different reasons than those stated by the trial court.
As against Ashley, Gibson does not state a claim for tortious interference with contract because he has failed to provide allegations regarding an intentional procurement of the contract's breach, the third required element for tortious interference with contract. Gibson alleges that Ashley interfered with his contract rights as a shareholder as provided in City Yellow's Articles of Incorporation and Code of Regulations. However, even liberally construing the Code of Regulations as a contract, the Regulations allow the majority shareholders to do exactly what they did, i.e., change the number of directors at the shareholder's meeting by an affirmative vote. Ashley merely advised the majority shareholders as to what the Regulations allowed. Therefore, accepting Gibson's material allegations in the pleadings as true, we cannot reasonably infer Ashley's intentional procurement of a contract breach since there was no breach.
Likewise, Gibson does not state a claim of tortious interference with contract against Bevilacqua. Gibson's complaint does not provide allegations regarding Bevilacqua's knowledge of the alleged contract, intentional procurement of the contract's breach, or a lack of justification, three of the required elements for civil conspiracy. The complaint does not allege that Bevilacqua was present at the shareholder's meeting in question nor does it allege any participation on Bevilacqua's part in the decision to amend the Articles of Incorporation. Therefore, assuming the assertions made by Gibson to be true, as we must for purposes of this review, we find the instant case presents a situation whereby Gibson is unable to prove any set of facts which would entitle him to relief on his claim of tortious interference with contract against Bevilacqua.
Having independently and thoroughly examined Gibson's complaint and having construed the facts and all inferences therefrom as being true, this Court finds that the trial court properly dismissed the count of tortious interference with contract of Gibson's complaint pursuant to Civ.R. 12(B)(6) and 12(C). This portion of Gibson's assignment of error is overruled.
 B. Civil Conspiracy
Gibson also argues that the trial court erred in dismissing his claim of civil conspiracy against Ashley and Bevilacqua. We agree.
The elements of a civil conspiracy claim include: (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself. Universal Coach, Inc. v. New York CityTransit Auth., Inc. (1993), 90 Ohio App.3d 284, 292. The malice portion of the tort is "that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another." Gosden v. Lewis (1996), 116 Ohio App.3d 195, 219. In Williamsv. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475, the Ohio Supreme Court stated the following:
 In a conspiracy, the acts of coconspirators are attributable to each other. See Prosser Keeton on Torts (5 Ed. 1984) 323, Section 46 ("All those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt the wrongdoer's act done for their benefit, are equally liable." [Footnotes omitted.]).
 Gibson's complaint alleged that the majority shareholders acted in concert with Ashley and Bevilacqua "to injure [Gibson] by diverting corporate assets of [City Yellow] and by acting in conspiracy to deny [Gibson] a fair and complete participation in the corporate opportunities and profits in and from [City Yellow.]" Further, Gibson alleged two potential unlawful acts underlying the civil conspiracy claim: tortious interference with contract and breach of fiduciary duty. We will examine each potential underlying claim separately.
 1. Underlying Claim of Breach of Fiduciary Duty
Gibson alleges that he sufficiently pled facts to support the claim that Ashley, Bevilacqua, and the majority shareholders of City Yellow conspired to commit a breach of fiduciary duty that damaged Gibson. We agree.
The trial court found that Ashley and Bevilacqua, as counsel and accountants for the corporation owed a fiduciary duty to the corporation, but not to the individual shareholders. Further, it concluded that Gibson's complaint alleged only that the majority shareholders breached their fiduciary duties, and since Ashley and Bevilacqua were not majority shareholders, the breach of fiduciary duty claim did not entitle Gibson to relief. We conclude that Gibson's complaint as to the civil conspiracy claim with the underlying unlawful act of breach of fiduciary duty was sufficient to withstand the Civ.R. 12(B)(6) and 12(C) motions for dismissal.
Assuming all the facts alleged in Gibson's complaint and all reasonable inferences as true, this Court must hold that the complaint addresses all of the elements of a civil conspiracy action. In pleading the first two elements of his claim, Gibson alleged that at least two persons, including Ashley, Bevilacqua, and each of the majority shareholders in their individual capacities, acted in concert to prevent Gibson from participating in the corporation and improperly divert corporate assets, thereby injuring Gibson. Gibson meets the third element of his claim when he alleges that the conspiracy caused him damages in excess of $150,000.
The fourth and final element is the alleged breach of fiduciary duty of the majority shareholders. Although it is undisputed that Ashley and Bevilacqua are not majority shareholders of City Yellow, they were not the parties alleged to have committed the unlawful act required by the fourth element. Ashley and Bevilacqua's alleged role in the conspiracy was to lend "aid, assistance and expert advice" to the majority shareholders, who allegedly accepted that aid to commit a breach of fiduciary duty owed to Gibson, the minority shareholder. In sum, the reasonable inference is that Gibson alleges that the majority shareholders committed the injury and Ashley and Bevilacqua conspired with them to accomplish it.
We hold that the allegation for civil conspiracy in the complaint, accepted as true, does state a claim against appellees, which if proven, is actionable. Therefore, based upon the record before us, this count of Gibson's complaint was not in a posture to have been disposed of on a Civ.R. 12(B)(6) or 12(C) motion. This portion of Gibson's assignment of error is sustained.
 2. Underlying Claim of Tortious Interference with Contract
In the alternative, Gibson alleges that he sufficiently pled tortious interference with contract as the unlawful act underlying the civil conspiracy claim. A cause of action may exist for conspiracy to tortiously interfere with a contractual relationship. See Scanlon v.Stofer Bro. Co. (June 22, 1989), Cuyahoga App. No. 55467 55472, unreported, 1989 Ohio App. LEXIS 2528, at *42. However, we previously determined that the trial court properly dismissed Gibson's claim of tortious interference with contract. Without the existence of the underlying unlawful act of tortious interference with contract on the part of appellees, there could be no claim for civil conspiracy against appellees. Therefore, the trial court properly dismissed Gibson's claim for civil conspiracy with the underlying claim of tortious interference with contract. This portion of Gibson's assignment of error is without merit.
 C. Accounting
With respect to Gibson's request for an accounting, his complaint requested a full accounting from Ashley and Bevilacqua, among others. The trial court found that even if Gibson was entitled to an accounting, Ashley and Bevilacqua would not have access to the necessary documentation.
In order to sustain appellees' motions to dismiss, the trial court reviewed matters outside of the pleadings. It was not apparent from the pleadings which parties would have possession of the documentation required for an accounting. The trial court went beyond the face of the complaint and considered a question of fact. Therefore, we conclude that the court erred procedurally in dismissing this count of the complaint, but we do not reach the merits of Gibson's request for an accounting. This portion of Gibson's assignment of error is sustained.
Gibson's sole assignment of error is sustained in part and overruled in part. The cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to equally to both parties.
Exceptions.
___________________________ LYNN C. SLABY
BAIRD, P. J., CONCURS.
[1] In connection with the civil conspiracy charge, Gibson has argued that the alternate underlying offenses of breach of fiduciary duty and tortious interference with contract were properly supported and should not have been dismissed.